**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br>**v.**<br>LUIS R. SANTIAGO-RODRIGUEZ,<br>**Defendant.** | **Criminal No.** 13-567 (FAB) |

**MEMORANDUM & ORDER**

BESOSA, District Judge.

Before the Court are Luis R. Santiago-Rodriguez's ("Santiago") motion to dismiss for vindictive prosecution, the United States's response, Santiago's reply, and the government's sur-reply. (Docket Nos. 24, 29, 32 & 37.) For the reasons that follow, the Court **DENIES** Santiago's motion.

## I. Procedural and Factual Background

Santiago was indicted on August 16, 2013 and charged with one count of theft of government property (in violation of 18 U.S.C. §§ 641 & 2) and one count of concealment of information from the Social Security Administration ("SSA") (in violation of 42 U.S.C. § 408(a)(4)). (Docket No. 3.) The indictment also contained a forfeiture allegation. Id. On August 21, 2013, Santiago was arrested, appeared before Magistrate Judge Velez-Rive, was appointed defense counsel and released on bond. (Docket No. 6.) On September 4, 2014, Santiago waived his arraignment and entered

a plea of not guilty. (Docket No. 9.) He subsequently filed a motion to dismiss for violation of his speedy trial rights on November 7, 2013.[1] (Docket No. 11.) Between November 7 and 9, 2013, defense counsel and the prosecutor corresponded by e-mail regarding the motion to dismiss and the prosecutor's intention to supersede the indictment. (Docket No. 32-3.) In their correspondence, the prosecutor referred to the motion to dismiss as a "waste of resources" and a "futile exercise." Id. On November 12, 2013, the United States filed a superseding indictment that contained a third count charging Santiago with making a false statement or representation to the SSA (in violation of 42 U.S.C. § 408(a)(3)). (Docket No. 14.) The Court then denied defendant's motion to dismiss as moot on November 15, 2013. (Docket No. 16). On December 13, 2013, Santiago filed a motion to dismiss the indictment for vindictive prosecution. (Docket No. 24.)

The United States explains its basis for filing the superseding indictment as follows: Santiago's indictment was one of seventy-two emanating from "Operation Easy Money," a collaborative investigation spearheaded by the Office of Inspector General ("OIG") for the SSA and the Federal Bureau of Investigation ("FBI"), among other federal agencies. Each indictment — like Santiago's original indictment — contained one count of theft of

[1] The United States effectively conceded the merits of the motion to dismiss on speedy trial grounds. (See Docket No. 37 at p. 8.)

government property, one count of concealment or failure to disclose event to the SSA, and a forfeiture allegation. In addition to these counts, some indictments also contained a count charging a false statement or representation to the SSA — as Santiago's superseding indictment did. These counts were only charged against individuals who had been subjected to a "Continuing Disability Review" ("CDR"), a process that required claimants to make additional comprehensive statements to the SSA regarding their medical condition and limitations. The SSA initially provided a file to the United States Attorney's Office for Santiago that did not contain a 454 form evidencing his CDR. After Santiago filed the motion to dismiss on November 7, 2013, the SSA provided a certified copy of Santiago's file to a paralegal at the United States Attorney's Office. This file contained evidence that Santiago had been subjected to a CDR. Thus, it was only at that point that the United States had a basis to charge Santiago with a count of false statement or representation to the SSA. (Docket No. 29 at pp. 2-4.)

Santiago counters[2] that the government must have possessed the information regarding the CDR at the time of the original

[2] Santiago places much emphasis in his pleadings on the merits of his defense. The Court finds these arguments inapposite to the vindictive prosecution determination, and thus does not consider them here.

indictment because defense counsel received information[3] in initial discovery indicating that a CDR had been conducted. (Docket No. 32 at pp. 3-4.) In response, the government filed an *ex parte* addendum with the Court including the grand jury testimony of OIG SSA Special Agent Raysa Reynosa, which shows that the defendant's CDR was not mentioned in the grand jury testimony prior to Santiago's original indictment. (Docket No. 38-1.) SSA Special Agent Reynosa's testimony regarding the case presented to the grand jury immediately before Santiago's, on the other hand, does mention that defendant's CDR. Id.

**II. Legal Discussion**

A vindictive prosecution is an attempt to penalize a defendant for validly exercising his or her constitutional or statutory rights; and it constitutes a violation of a defendant's Fifth Amendment right to due process. United States v. Goodwin, 457 U.S. 368, 372 (1982). If a defendant establishes a vindictive prosecution, a federal court may dismiss the indictment. United States v. Stokes, 124 F.3d 39, 45 (1st Cir. 1997) (citing Goodwin, 457 U.S. at 376, 380 n. 12). A defendant may support a claim of vindictive prosecution either "(1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of

[3] Santiago does not contend that the government specifically possessed the 454 form - just information that the CDR had occurred.

vindictiveness." United States v. Jenkins, 537 F.3d 1, 3 (1st Cir. 2008) (internal citations omitted). If raised, the prosecution can rebut a presumption of vindictiveness "by showing objective reasons for its charges." Id.

Santiago contends that the prosecution exhibited vindictiveness by superseding his indictment which, by adding an additional count, increased Santiago's exposure in terms of years of imprisonment. (Docket No. 24 at p. 1.) The prosecution did this, Santiago contends, in retaliation for Santiago's exercise of his constitutional rights — moving to dismiss the indictment on speedy trial grounds. (Id. at p. 2.) Santiago relies on a Sixth Circuit Court of Appeals decision for the proposition that a superseding indictment filed on the heels of a defendant's successful pre-trial motion triggers a presumption of vindictiveness. See United States v. LeDeau, 734 F.3d 561 (6th Cir. 2013). Santiago also cites the Supreme Court's holding in North Carolina v. Pearce, 395 U.S. 711 (1969), and its progeny, which held that whenever a judge imposes a more severe sentence upon a defendant after a new trial, vindictiveness can be presumed unless the reasons for doing so are objectively apparent. Id. at 726. As further support for a presumption of vindictiveness here, Santiago points to Lovett v. Butterworth, which found a due process violation where the prosecutor obtained an indictment charging the defendant with felony breaking and entering after the

defendant appealed his misdemeanor conviction and sought a trial *de novo*. 610 F.2d 1002, 1005 (1st Cir. 1979)

Though due process analysis also applies when the prosecution, rather than the judge, acts to seek an increased punishment, Lovett, 610 F.2d at 1005, "cases involving increased charges or punishments after trial are to be sharply distinguished from cases in which the prosecution increases charges in the course of pretrial proceedings," United States v. Gallegos-Curiel, 681 F.2d 1164, 1167 (9th Cir. 1982) (emphasis added) (citing United States v. Goodwin, 457 U.S. 368 (1982)). See also United States v. Marrapese, 826 F.2d 145, 148 (1st Cir. 1987)(finding that the appellant's superseding indictment did not present the same "likelihood of vindictiveness" as cases in which the Supreme Court found a presumption of vindictiveness); United States v. Brown, 298 F.3d 392, 405 (5th Cir. 2002) (affirming Goodwin's reasoning that a "pre-trial change in the indictment . . . is less likely to be deemed vindictive."). The First Circuit Court of Appeals has held that "the mere bringing of a new indictment with added counts is not in itself vindictive behavior, nor does it raise a presumption of vindictiveness," United States v. Young, 955 F.2d 99, 108 (1st Cir. 1992), and has cautioned courts to "go very slowly in

embracing presumptions of prosecutorial vindictiveness in pretrial proceedings." Stokes, 124 F.3d at 45.[4]

Heeding the First Circuit Court of Appeals's advice, the Court declines to apply a presumption of vindictiveness here. The circumstances of this case, unlike the cases Santiago cites, do not "demonstrate a sufficient likeliness of vindictiveness to warrant" such a presumption. Jenkins, 537 F.3d at 3. The superseding indictment in LeDeau (1) was based on evidence that was in the prosecution's possession at the time of the initial indictment, and (2) exposed the defendant to a significantly greater sentence of incarceration. LaDeau, 734 F.3d at 564. Santiago's superseding indictment, in contrast, (1) was based on evidence that the prosecution did not possess until after Santiago moved to dismiss his original indictment, and (2) does not increase Santiago's

[4] Other circuits take similarly cautious approaches to allegations that pre-trial changes to indictments amount to vindictive prosecution. The Ninth Circuit has held that "the doctrine of vindictive prosecution does not apply, when . . . there has been no increase in the severity of the charge or sentence imposed." United States v. Kinsey, 994 F.2d 699, 701 (9th Cir. 1993); see also United States v. Dohm, 62 F.3d 1426, 3 (9th Cir. 1995)(*unpub'd*)(finding no increase in severity of sentence where counts were grouped pursuant to United States Sentencing Guidelines ("USSG") §§ 2B5.1 & 3D1.2(d)). The Fifth Circuit requires a reviewing court to "examine the prosecutor's actions in the context of the entire proceedings." United States v. Krezdorn, 718 F.2d 1360, 1364 (5th Cir. 1983). "[I]f there is any indication that the prosecutor had a legitimate reason . . . for increasing the charges, then no presumption of vindictiveness is created." United States v. Aggarwal, 17 F.3d 737, 744 (5th Cir. 1994) (internal citation omitted).

exposure.[5] Further, both Pearce and Lovett involved post-trial appellate and procedural rights, and thus are not directly on point. Santiago contends that the defense's compliance with its ethical and professional responsibilities irritated the prosecutor, provoking her to pursue a superseding indictment, and that this warrants a presumption of vindictiveness. (Docket No. 24 at p. 7.) While the Court does not condone the prosecutor's flippant remarks regarding the defendant's speedy trial motion (see Docket No. 32-3), the Court finds that Santiago points to no evidence "that the prosecutor behaved in anything other than a professional manner, or that [she] was any more aggravated by the defense tactics than prosecutors are generally. A criminal trial is not a tea party." Marrapese, 826 F.2d at 147. For these reasons, the Court does not find that a presumption of vindictiveness applies.

Even if these circumstances were to warrant a presumption of vindictiveness, the Court finds that the United States has rebutted the presumption "by showing objective reasons for its charges." Jenkins, 537 F.3d at 3. As explained above, the prosecutor offered evidence that it did not possess the 454 form necessary for the additional count until after Santiago moved to dismiss his indictment on speedy trial grounds. Moreover, there is no evidence

---

[5] The Court agrees with the United States's characterization of the sentencing issues in this case: both of the Title 42 counts against Santiago — 42 U.S.C. § 408(a)(3) and § 408(a)(4) — have the same statutory maximum term of incarceration (five years) and would be grouped as closely related counts pursuant to U.S.S.G. § 3D1.2.

that Santiago was singled out. The evidence shows, rather, that Santiago was charged in the same manner as other targets of the "Operation Easy Money" investigation who were subjected to CDRs. Though Santiago contests the government's representations on this front, he has not offered proof to the contrary. This objective basis for the superseding indictment accordingly would rebut a presumption that the prosecution acted vindictively.

## III. Conclusion

For the reasons stated above, Santiago's motion to dismiss the indictment for vindictive prosecution is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 31, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE